UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
DEC 06 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LYNN HURLEY and HURCO, INC., a South Dakota Corporation, | CIV 06-4110 |
| Plaintiffs, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| DON M. BUCKNER, an individual; LYNN BUCKNER, an individual; AMERICAN MANUFACTURING & MACHINE, INC., a Florida Corporation d/b/a VAC-TRON EQUIPMENT, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendant American Manufacturing & Machine, Inc. d/b/a Vac-Tron Equipment's Motion to Set Aside Default, Doc. 18, and Motion for Hearing, Doc. 20, and Defendant Lynn Buckner's Motion to Dismiss for Lack of Jurisdiction, Doc. 31. The motions have been briefed by the parties and the Court does not find that a hearing is necessary on the motions. For the reasons set forth below, the Entry of Default will be set aside and the motion to dismiss will be held in abeyance to allow Plaintiffs an opportunity to conduct reasonable jurisdictional discovery.

## BACKGROUND

Plaintiffs filed this action on June 28, 2006, against Defendants Don Buckner, Lynn Buckner and a Florida corporation, American Manufacturing & Machine, Inc., d/b/a Vac-Tron Equipment ("Vac-Tron"). The Defendants were personally served with a copy of the summons and complaint on June 29, 2006. The corporate Defendant's service was accepted by Don Buckner, as registered agent of the corporation. Don Buckner is the founder, owner, president, sole stockholder and registered agent for service of process of Vac-Tron. Don Buckner sent a letter date July 19, 2006 to Plaintiffs requesting an extension of time to respond. Plaintiffs granted an extension to August

9, 2006. But because Vac-Tron had not timely answered or otherwise appeared in this action, Defendants filed a Motion for Entry of Default on August 3, 2006. On August 4, 2006, the Clerk of Court filed an Entry of Default, Doc. 13, against Defendant Vac-Tron in favor of the Plaintiffs. On August 25, 2006, Vac-Tron filed a Motion to Set Aside Clerk's Entry of Default, Doc. 18.

Don Buckner received notice of Plaintiffs' Motion for Entry of Default on August 7 or 8, 2006, which prompted him to contact his Florida attorney, John J. Wright, to determine how he could file an answer. On August 8, 2006, Mr. Wright contacted Plaintiffs' counsel, requesting an extension of time, but Mr. Wright did not state that he was representing Vac-Tron. Plaintiffs were contacted on August 15, 2006, by attorney Gary Schumacher, who said that he would served as local counsel for both Don Buckner and Vac-Tron. Mr. Schumacher filed a Notice of Appearance on behalf of Don Buckner and Vac-Tron on August 17, 2006. An Answer on behalf of Don Buckner was filed on August 18, 2006. Vac-Tron filed the pending Motion to Set Aside Default on August 25, 2006.

## DISCUSSION

### A. Motion to Set Aside Default

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n. 2 (8th Cir. 1997). In this case, the Clerk of Court has entered the default of Vac-Tron pursuant to Rule 55(a), and the Court must now decide whether to set aside the default under Rule 55(c).

Rule 55(c) provides that the Court may set aside an entry of default "[f]or good cause shown." Fed.R.Civ.P. 55(c). The Eighth Circuit recognizes that "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty

of an oversight and wishes to defend the case on the merits." *Johnson*, 140 F.3d at 784. In deciding whether to set aside an entry of default, the Court is to look at "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.*

After reviewing all of the materials submitted by the parties, the Court does not find that Don Buckner's actions in this case were an intentional disregard of the Court's deadlines and procedural rules. Instead, as a layperson, the Court finds he thought his letter of July 19, 2006, asking for an extension of time to respond, was both for himself individually and for the corporation Vac-Tron, as he is the President and sole shareholder of Vac-Tron. As to the second factor, at this point in the proceedings, it is difficult to determine whether or not Defendants have a meritorious defense. Finally, due to the availability of a preliminary injunction, the Plaintiffs will not be prejudiced by setting aside the Entry of Default against Vac-Tron. Thus, the Clerk's Entry of Default will be set aside and Vac-Tron will be permitted to file an Answer in this action.

The Court cautions Defendants that a preliminary injunction could be entered if there is evidence of continuing violations.

### B. Motion to Dismiss for Lack of Jurisdiction

Defendant Lynn Buckner filed a Motion to Dismiss for Lack of Jurisdiction, Doc. 31, claiming that the Court does not have personal jurisdiction over him. "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." *Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). While the plaintiff bears the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the Court holds an evidentiary hearing. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 19991), *appeal after remand*, 988 F.2d 61 (8th Cir 1993). If the Court does not hold a hearing and relies on pleadings and affidavits, the Court must consider the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *See id.*

The determination of whether the Court has personal jurisdiction over a defendant is normally a two-step analysis. *See Northrup King Co. v. Comania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the applicable state long-arm statute, SDCL § 15-7-2 (2001), must be satisfied and second, the Court's exercise of jurisdiction must comport with due process. *See id.* South Dakota's long-arm statute provides for jurisdiction over persons who transact any business within the state or who commences or participates in negotiations involving subject matter located in whole or in part within the state. SDCL § 15-7-2(1) and (11). In South Dakota, the analysis collapses into one step: the due process analysis. *See Bell Paper Box, Inc. v. Trans Western Polymers, Inc.*, 53 F.3d 920, 921 (8th Cir. 1995) ("South Dakota applies its long-arm statute to the fullest extent permissible under due process."). Due process allows a Court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice and if the defendant has sufficient "minimum contacts" with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The contacts are sufficient if the defendant "should reasonably anticipate being haled into court there," *World-Wide Volkswagen*, 444 U.S. at 297, because it has performed "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The inquiry is whether the defendant has directed its activities at residents of the forum and whether the litigation arises out of those activities. *Burger King*, 471 U.S. at 472; *Northrup King Co.*, 51 F.3d at 1387.

Lynn Buckner is a resident of Walker County, Georgia, and claims he has not purposefully directed his activities at the State of South Dakota or at South Dakota residents. He is a distant cousin of Defendant Don Buckner, but claims that he has not been a party to Vac-Tron's marketing literature and has no control over such literature, which is the subject of this lawsuit. In his brief he claims he is not an employee of Vac-Tron, but that is not stated in his Affidavit.

Plaintiffs claim that Lynn Buckner has already filed an answer and waived any jurisdictional defense by failing to raise lack of personal jurisdiction in that answer. The Court does not find that

Lynn Buckner waived his jurisdictional defense, but the Court will hold his motion in abeyance to allow the Plaintiffs an opportunity to conduct reasonable jurisdictional discovery. Accordingly,

IT IS ORDERED:

1. That Defendant American Manufacturing & Machine Inc., d/b/a Vac-Tron's Motion for Hearing, Doc. 20, is denied.

2. That Defendant American Manufacturing& Machine Inc., d/b/a/ as Vac-Tron's Motion to set Aside Default, Doc. 18, is granted and it shall have 20 days from the date of this Order to file an answer to the Complaint.

3. That the Court will hold Defendant Lynn Buckner's Motion to Dismiss for Lack of Jurisdiction, Doc. 31, in abeyance to allow Plaintiffs an opportunity to conduct reasonable jurisdictional discovery. All such jurisdictional discovery shall be completed on or before February 12, 2007. On or before February 20, 2007, Plaintiff shall file and serve a brief and any supporting material in opposition to Defendant Lynn Buckner's Motion to Dismiss, Doc. 31. On or before March 2, 2007, Defendant Lynn Buckner shall file and serve a reply brief and any supporting material in support of his Motion to Dismiss, Doc. 31.

Dated this ____ day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
            DEPUTY